## Coyer v. Pennsylvania Department of Highways

*Martin E. Cusick*, for plaintiff.

*John R. Rezzolla* and *Joel E. Mazor*, for defendant.

McKAY, P. J., July 29, 1967.—There is before the court a rule upon defendant to show cause why it should not pay interest on an award made by the State Mining Commission for the appropriation of coal lands. Defendant has paid the principal but refuses to pay the interest on the award.

On December 19, 1966, the State Mining Commission made the award in favor of plaintiff in the amount of $45,129., but the award was not paid by the Commonwealth until March 7, 1967. In the case of a condemnation award of damages, it was formerly the rule in Pennsylvania that the Commonwealth is immune from any requirement to pay interest on the award. This judicially created rule was changed in 1961, however. In Wolf v. Commonwealth, 403 Pa. 499 (1961), the Pennsylvania Supreme Court stated, at page 507:

"The constitutional mandate of 'just compensation' should be applied regardless of the status of the condemnor and the person whose property has been taken should receive *identical* treatment at the hands of *any*

318

condemnor. The only sensible, logical and equitable manner in which 'the integrity of the constitutional requirement' can be maintained is to require that the Commonwealth pay interest on the amount of the award from the date of the award until the Commonwealth has actually paid the value of the property taken".

Counsel for the Department of Highways contends that the Wolf case does not control matters handled by the State Mining Commission. It is true that the instant proceeding does not arise under the Eminent Domain Code; yet it is basically a condemnation case. It would appear, therefore, that the constitutional mandate of "just compensation" for the taking of land is equally applicable to this proceeding.

Counsel for the Department of Highways has argued, in the alternative, that the Wolf case requires the Commonwealth to pay interest only from the *entry of judgment*. The language of the Supreme Court, however, lends no support to this contention. At page 507, the court specifically states that the Commonwealth must "pay interest on the amount of the award from the *date of the award*". (Italics supplied.)

Accordingly, we conclude that the Commonwealth should be ordered to pay interest on the $45,129. award, at the rate of six percent per annum for the period between December 31, 1966, and March 7, 1967.

ORDER

Now, July 29, 1967, it is ordered that the rule to show cause heretofore granted in the above-entitled case be made absolute, and that the Department of Highways is directed to pay to plaintiff interest on $45,129, the amount of the award, at the rate of six percent per annum for the period between December 21, 1966, and March 7, 1967; viz., the amount of $507.70.